UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERICK COREY MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:11-cv-818-TWP-DKL |
| | ) |
| GEORGE CLEAVER, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DISCUSSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff, Erick Corey Morris ("Morris"), alleges that Defendant, George Cleaver ("Officer Cleaver") ran up to Morris at the Putnamville Correctional Facility and shoved him "for no reason" while Morris was getting ice from the dorm's ice cooler. Morris reports in his complaint that as a result of this shove he "was subjected to severe mental and emotional suffering and some pain and injury from being shoved for no reason." Officer Cleaver has since resigned as an officer. Morris seeks compensatory and punitive damages.

Because Morris is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). The standard of review under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). In order to survive dismissal for failure to state a claim, Aa complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy,* 130 S. Ct. 1175, 1178 (2010) (citing *Hudson,* 503 U.S. at 7) (internal quotation marks omitted). In determining whether force was applied maliciously and sadistically for the very purpose of causing harm, courts look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Whitley,* 475 U.S. at 320–21.

Morris claims that Officer Cleaver subjected him to excessive force in violation of the Eighth Amendment, but the facts alleged are insufficient to support such a claim. In order to

properly screen the complaint, Morris shall have **through October 14, 2011**, in which to **supplement** his complaint with facts which would support the contention, if made, that Officer Cleaver acted maliciously and sadistically to cause Morris harm.

If the complaint is supplemented as directed above, the Court will screen the supplemented complaint. If no supplement is filed, this action shall be dismissed pursuant to 28 U.S.C. § 1915A(b).

SO ORDERED.

DATE: 09/20/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Erick Corey Morris, DOC #192374
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana  46135