UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ERICK COREY MORRIS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　)　　　Case No.1:11-cv-818-TWP-DKL
　　　　　　　　　　　　　　　　　　　)
GEORGE CLEAVER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　)

**Entry and Order Dismissing Action**

**I.**

Plaintiff Eric Morris ("Mr. Mooore") is a *prisoner* as defined by 28 U.S.C. § 1915(h), and the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of the *Federal Rules of Civil Procedure*, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must always . . . allege ≻enough facts to state a claim to relief that is plausible on its face.' *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). AAt a minimum, a complaint must contain facts sufficient to state a claim as a matter of law.@ *Hickey v. O=Bannon,* 225 F.3d 656, 657 (7th Cir. 2002)(citing *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998)).

Mr. Morris is proceeding without counsel at present. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Mr. Morris' action is brought pursuant to 42 U.S.C. § 1983. "A cause of action under § 1983 requires a showing that the plaintiff was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The constitutional right implicated by the allegations in Mr. Morris' complaint is the Eighth Amendment, *see Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions

under which he is confined are subject to scrutiny under the Eighth Amendment."). Specifically, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6-7. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a de minimis use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001) (quoting *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000)); *O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006). Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10.

Mr. Morris' claims the Defendant Officer George Cleaver, shoved him "for no reason" while he was getting ice from an ice cooler. This does not adequately or "plausibly" state an Eighth Amendment claim for the excessive use of force. *See De Walt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000) ("not every push or shove by a prison guard violates a prisoner's constitutional rights"); *see also Jones v. Walker,* 358 Fed. Appx. 708, 713 (7th Cir. 2009)(holding that a single shove that results in bruising is

*de minimis* force that will not support a claim of excessive force).

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

**Date:** 03/27/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Erick Corey Morris**
**DOC #192374**
**Putnamville Correctional Facility**
**Inmate Mail/Parcels**
**1946 West U.S. Hwy 40**
**Greencastle, IN 46135**